UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TERRANCE BRITTON,

    Plaintiff,

v.                                                Case No. 5:21-cv-4-TKW/MJF

JASON KLINGENSMITH, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Despite the undersigned affording Plaintiff Terrance Britton four opportunities to supplement and clarify his allegations in amended complaints, Britton's fourth amended complaint is a so-called "shotgun" pleading that violates the Federal Rules of Civil Procedure. Britton repeatedly has refused to comply with the undersigned's orders to correct the deficiencies in his complaint and amended complaints. The District Court, therefore, should dismiss this civil action.

### I. BACKGROUND

On January 4, 2021, Britton initiated this action under 42 U.S.C. § 1983. Against *four defendants*, he asserted claims under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments. Doc. 1 at 4. He requested $10 million as relief. *Id.* On November 10, 2021, because Britton's complaint violated the Local Rules of the United States District Court for the Northern District of Florida, failed to state a

claim upon which relief could be granted, and was a so-called "shotgun" pleading that violated the Federal Rules of Civil Procedure, the undersigned ordered Britton to file a notice of voluntary dismissal or an amended complaint. Doc. 22. The undersigned explained to Britton why his complaint was a shotgun pleading and instructed him how to correct these deficiencies. *Id.* at 3-6.

On February 8, 2022, Britton filed his first amended complaint. Doc. 32. He asserted claims under the Fourth, Eighth, and Fourteenth Amendments against *three defendants* and requested a total of $10,750,000 as relief. *Id.* at 5-7. On February 15, 2022, because Britton's amended complaint violated the Local Rules, failed to state a claim upon which relief could be granted, requested relief that a district court could not grant, and was a shotgun pleading that violated the Federal Rules of Civil Procedure, the undersigned ordered Britton to file a notice of voluntary dismissal or a second amended complaint. Doc. 33. The undersigned again explained why Britton's complaint was a shotgun pleading and instructed him how to correct these deficiencies. *Id.* at 3-6.

On March 13, 2022, Britton filed a second amended complaint. Doc. 36. He asserted claims under the Fourth, Eighth, and Fourteenth Amendments against *three defendants* and requested a total of $10,750,000 as relief. *Id.* at 5-8. On March 29, 2022, because Britton failed to state a plausible claim upon which relief could be

granted, the undersigned ordered Britton to file a notice of voluntary dismissal or a third amended complaint. Doc. 37.

On April 26, 2022, Britton filed a third amended complaint. Doc. 43. Britton asserted several federal and state claims against *six defendants* and requested $1,500,000 from each defendant. *Id.* at 7-8. On May 4, 2022, because Britton's third amended complaint violated the Local Rules, asserted criminal-law claims, and named "John Doe" defendants, the undersigned ordered Britton to file a notice of voluntary dismissal or a fourth amended complaint. Doc. 45.

On July 6, 2022, Britton filed a fourth amended complaint. Doc. 53. Britton appears to be suing *at least nineteen defendants*. *Id.* at 1-2. All defendants appear to be related to Britton's arrest and subsequent criminal trial in state court.[1] He asserts claims under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. *Id.* at 8-15. As relief, Britton requests:

---

[1] Britton was convicted of (1) attempted second-degree murder of a law-enforcement officer, (2) aggravated assault on a law-enforcement officer, (3) fleeing to elude a law-enforcement officer (sirens and lights activated with high speed or reckless driving), (4) leaving the scene of an accident with injury, and (5) driving under the influence. *State v. Britton*, No. 17005364CFMA, Verdict (Fla. Cir. Ct. Nov. 19, 2020). This court takes judicial notice of the documents filed in the Fourteenth Judicial Circuit Court in and for Bay County, Florida. Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). Britton should have received copies of these documents. Regardless, the documents can be obtained from the clerk of the respective court.

> 10 million dollars both actual and punitive damages medical negiligence lack of investigation negiligence by Law Enforcement FDLE unreasonable searches and seizures the denial of equal protection due process Intentional Infliction Emotional distress The racial profiling Racial discrimination the conflict of interest personal involvement a victim of a hate crime by Law Enforcement mentally emotionally injured suffering from incarceration compensatory damages.

*Id.* at 15 (errors in original).

## II. Discussion

A civil "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see* Fed. R. Civ. P. 8(a)(2). Furthermore, the complaint must contain "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*; *see Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) ("[S]eparate, discrete causes of action should be plead in separate counts.").

A so-called "shotgun" pleading is a "complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). One type of shotgun pleading fails to separate into a different

count each cause of action or claim for relief. *Id.* at 1325 (citing *Weiland*, 792 F.3d at 1323).

Shotgun complaints "waste scarce judicial resources, 'inexorably broaden the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine the public's respect for the courts.'" *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979-80 & n.54 (11th Cir. 2008)). Because it "is not the proper function of courts in this Circuit to parse out such incomprehensible allegations," when a district court receives a shotgun complaint, it is required to "strike [the complaint] and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). If the party squanders its opportunity by filing another shotgun pleading, the district court nevertheless can dismiss the complaint. *Barmapov*, 986 F.3d at 1326; *Vibe Micro, Inc.*, 878 F.3d at 1295.

Although courts hold allegations of a *pro se* complaint to a less stringent standard than formal pleadings drafted by lawyers, courts may not "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014); *Bilal v. Geo Care, LLC*, 981 F.3d

903, 911 (11th Cir. 2020) (noting that federal courts "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action") (citation omitted).

A.   **Britton's Fourth Amended Complaint Is a Shotgun Pleading**

Because substantial portions of Britton's allegations are incoherent, illegible, or both, the undersigned is unable to determine the precise nature of each claim that Britton asserts. Britton apparently asserts claims under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. Britton does not, however, separate and number each claim he asserts or relate his claims to the facts he alleges. For example, Britton alleges:

> Jeff Anderson, Angela Hall, Dyana Chase violated Plaintiff equal protection [illegible] Due process 14th amendment A lack of negligence of excessive force that was used Intentional Infliction for emotional/distress and unreasonable searches and seizures violated Plaintiff 5th amendment against self incrimination for [illegible] 4th what protect place thing expectation of privacy That Plaintiff became a victim of a racial discrimination act a hate crime where Defendant Showed conflict of interest personal involvement and a causual connection That protecting
>
> . . .
>
> Costidoains of the Exxon Gas station Jane Doe and John Doe violated my due process right for equal protection 14th Amendment To a fair and accurate proceeding that they showed negligence conflict of interest personal involvement which violated my 5th amendment right against self incrimination identity theft And 6th to have my counsel present when never understanding my miranda rights and 4th the right with car accident evidence presented search and seizure unlawful release of video footage.
>
> . . .

> EMS personel Jane and John Does cause serious Intentional Infliction Emotional Distress negiligence Not showing adquoate care with procedure policy notes documents statements medical records names And to help defendant memory Because Plaintiff Never spoke to EMS never gave any statements equal protection which violated Plaintiff Due process 14th Amendment And 4th amendment unreasonable searches seizures and 5th right to counsel.
>
> . . .
>
> Defendant didn't show equal protection was involved in selective enforcement diliberate indifference Intitional Infliction Emotional Distress wrongful death cruel and unusual punishment [illegible] excessive use of force inhumane treatment violation of due process And my forth admendment right to be protected my property places things and expectation of privacy. negligence.
>
> . . .
>
> 4th amendment excessive use of force illegal search and seizure 1st Amendment a victim of A hate crime racial discrimination Racial Profiling 14th Amendment due process equal protection 6th Amendment right to counsel And 5th Anmendment selfincrimination My 1st amendment freedom of speech Apply to all defendants.

Doc. 53 at 8-10, 12, 15 (errors in original).

Many of the paragraphs in Britton's fourth amended complaint, as shown above, contain *more than four claims* in each paragraph without any factual support. Britton's fourth amended complaint, therefore, is a shotgun pleading that violates the Federal Rules of Civil Procedure. For this reason alone, the District Court should dismiss this action.

**B.** **The Undersigned Afforded Britton Opportunities to Correct Deficiencies**

The District Court should dismiss this action for a second reason: Britton's repeated failure to comply with the undersigned's orders.

On four occasions, the undersigned instructed Britton to separate and number his claims and relate his factual allegations to the claims asserted.[2] Doc. 22 at 6; Doc. 33 at 5-6; Doc. 37 at 14; Doc. 45 at 14-15. Britton repeatedly and contumaciously disregarded these instructions and thereby violated the orders issued by the undersigned. "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Costello v. United States*, 365 U.S. 265, 286-87 (1961); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The District Court, therefore, should dismiss this action for this second reason.[3]

---

[2] The court-approved complaint form also advised Britton to "number each separate claim and relate it to the facts alleged," if more than one claim was asserted. Doc. 1 at 4; Doc. 32 at 7; Doc. 36 at 8; Doc. 53 at 15.

[3] Generally, when federal claims are dismissed on shotgun-pleading grounds, claims brought pursuant to state law are dismissed without prejudice or remanded to state court. *Vibe Micro, Inc.*, 878 F.3d at 1296-97. In his fourth amended complaint, Britton mentions "Intentional Infliction Emotional Distress" and "negligence." *E.g.*, Doc. 53 at 12, 13. Although these labels may relate to claims under Florida law, Britton fails to develop such claims beyond mentioning these words in passing. Additionally, despite listing in the "Statement of Claims" section the claims he asserts, Britton does not list any Florida claims in that section. *Id.* at 15. The

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action with prejudice.

2. Order the clerk of the court to close this case.

At Pensacola, Florida, this <u>19th</u> day of July, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. If the parties dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**

---

undersigned, therefore, does not construe Britton's fourth amended complaint as asserting claims under Florida law.